*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0918**

State of Minnesota,
Respondent,

vs.

Maurice Lee Meyer,
Appellant.

**Filed December 15, 2014
Affirmed
Halbrooks, Judge**

Mower County District Court
File No. 50-CR-13-1241

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Thomas C. Baudler, Austin City Attorney, Austin, Minnesota (for respondent)

Brandon V. Lawhead, Lawhead Law Offices, Austin, Minnesota (for appellant)

Considered and decided by Connolly, Presiding Judge; Halbrooks, Judge; and Bjorkman, Judge.

**U N P U B L I S H E D   O P I N I O N**

**HALBROOKS**, Judge

Following his conviction of third-degree driving while impaired, appellant challenges the district court's denial of his motion to suppress evidence of his breath test.

Appellant argues that the district court erred in determining that he voluntarily consented to a breath test after being advised that refusal to submit to the test is a crime. We affirm.

**FACTS**

On May 10, 2013, at approximately 9:30 p.m., a Mower County sheriff's deputy responded to a call of an erratic driver. The deputy stopped the vehicle after it nearly hit his squad car, identified the driver, noted heavily slurred speech, and detected a light odor of an alcoholic beverage. Meyer stated that he had consumed one vodka beverage. Getting out of the vehicle, Meyer tripped and almost fell into the lane of traffic. He then failed three field sobriety tests: horizontal gaze nystagmus, one-leg stand, and walk-and-turn, as well as a preliminary breath test. A status check revealed that Meyer's driver's license was revoked due to a 2012 impaired driving incident.

The deputy placed Meyer under arrest and transported him to the Mower County law-enforcement center, where he read Meyer the implied-consent advisory. Meyer stated that he understood the advisory, he did not wish to speak with an attorney, and he would submit to a breath test. The test was completed at 10:59 p.m. and showed an alcohol concentration of .10.

The state charged Meyer with operating a motor vehicle under the influence of alcohol in violation of Minn. Stat. § 169A.20, subd. 1(1) (2012), and operating a motor vehicle with an alcohol concentration of .08 or more in violation of Minn. Stat. § 169A.20, subd. 1(5) (2012). Meyer moved to suppress the evidence of his breath test, arguing that under *Missouri v. McNeely*, 133 S. Ct. 1552 (2013), the warrantless search violated his Fourth Amendment rights. The state stipulated that there were no exigent

2

circumstances. Following an omnibus hearing, the district court denied Meyer's suppression motion, finding that the implied-consent statute is not unconstitutionally coercive and that, under the totality of the circumstances, Meyer voluntarily consented to the breath test. After a stipulated-facts trial, the district court convicted Meyer of violating Minn. Stat. § 169A.20, subd. 1(5). Meyer now appeals.

## D E C I S I O N

"When the facts are not in dispute, the validity of a search is a question of law subject to de novo review." *Haase v. Comm'r of Pub. Safety*, 679 N.W.2d 743, 745 (Minn. App. 2004). The United States and Minnesota Constitutions protect against unreasonable searches and seizures. U.S. Const. amend. IV; Minn. Const. art. I, § 10. Taking and testing a blood, breath, or urine sample constitutes a search under the Fourth Amendment. *Skinner v. Ry. Labor Execs.' Ass'n*, 489 U.S. 602, 616-17, 109 S. Ct. 1402, 1412-13 (1989). A warrantless search is unreasonable unless it falls within an exception to the warrant requirement. *State v. Flowers*, 734 N.W.2d 239, 248 (Minn. 2007).

The exigency created by the dissipation of alcohol in the body is not per se sufficient to dispense with the warrant requirement. *McNeely*, 133 S. Ct. at 1561. But a warrantless search is valid if the person voluntarily consents to the search. *State v. Brooks*, 838 N.W.2d 563, 568 (Minn. 2013), *cert. denied*, 134 S. Ct. 1799 (2014). The state bears the burden of showing "by a preponderance of the evidence that the defendant freely and voluntarily consented." *Id.* Whether consent is given freely and voluntarily is determined by examining the "totality of the circumstances." *Id.* (quotation omitted).

3

Meyer argues that his consent was coerced rather than voluntarily given because the deputy had advised him that refusal to submit to a test is a crime. But our supreme court in *Brooks* held that "a driver's decision to agree to take a test is not coerced simply because Minnesota has attached the penalty of making it a crime to refuse the test." *Id*. at 570. Here, it is uncontested that probable cause existed to arrest Meyer for driving under the influence and that the deputy complied with all requirements of administering the implied-consent advisory. Meyer was asked whether he wished to speak with an attorney, and he stated that he did not. He was asked whether he would submit to a test, and he stated that he would do so. Under these circumstances, the district court properly found that Meyer voluntarily consented to the breath test. Accordingly, we affirm the district court's denial of Meyer's motion to suppress evidence.

**Affirmed.**